Plaintiff appeals from an adverse judgment, returned by a jury, in the Superior Court, Law Division, Middlesex County. Plaintiff, John Fario, instituted suit against defendant to recover damages for personal injuries *Page 312 
suffered by him while walking at night time on or along a public highway, when he was struck and seriously injured by the automobile owned and operated by defendant.
Plaintiff advances two grounds for reversal of the judgment against him, viz.: (1) that the verdict was contrary to the weight of the evidence and (2) that the court erred in submitting to the jury the issue of contributory negligence of plaintiff.
Our review of the record reveals that the testimony proffered by the respective parties as to defendant's negligence and plaintiff's contributory negligence, was in sharp conflict. The trial court, therefore, properly submitted the case to the jury for its determination. The verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of passion, prejudice, partiality or mistake. AnnieStephens et al. v. Public Service Coordinated Transport, etc.,5 N.J. Super. 128 (1949). From our examination of the record, we are satisfied that the verdict of the jury should not be disturbed.
No objection was made to the court's charge on the issue of contributory negligence. Plaintiff is precluded, therefore, from urging that ground of appeal. See Rule 3:51 which provides: "* * * No party may urge as error any portion of the charge or omission to charge therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *" Stephens et al. v. Public Service Coordinated Transport,etc., supra.
The judgment of the Superior Court is affirmed, without costs. *Page 313